UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
ORLANDO DIVISION

STEVEN BAIRD, ON BEHALF OF
HIMSELF AND ALL OTHERS SIMILARLY
SITUATED,

                    Plaintiff,

v.

ROBINHOOD MARKETS, INC.;
ROBINHOOD FINANCIAL, LLC; AND
ROBINHOOD SECURITIES, LLC,

                    Defendants.

CASE NO. _____

## CLASS ACTION COMPLAINT

Steven Baird, on behalf of himself and all others similarly situated, pursuant to Federal Rule of Procedure 23, sues Robinhood Markets, Inc., Robinhood Financial LLC, and Robinhood Securities, LLC, (collectively, "Robinhood") and states:

## INTRODUCTION AND NATURE OF ACTION

1.     It is difficult to imagine a set of circumstances on which Representative Alexandra Ocasio-Cortez and Senator Ted Cruz could agree.

2.     Robinhood's decision to block market access to millions of its individual users in favor of billion-dollar institutional investors, like hedge

funds and banks, so shocked the public conscience that it united two of the

most diametrically opposed members of Congress in condemnation:[1]



3.     In this class action, Baird seeks, on behalf of himself and those

similarly situated, damages under Florida's Deceptive and Unfair Trade

Practices Act ("FDUPTA") caused by Robinhood's unfair and deceptive

practice of preventing individual investors from trading on their Robinhood

accounts to their detriment, to protect institutional investors.   Baird also

seeks attorneys' fees, for himself and the Class, under the Federal Class

action Fairness Act and FDUTPA.

---

[1] Ted Cruz (@tedcruz), Twitter (Jan. 29, 2021), https://twitter.com/tedcruz.

## PARTIES, JURISDICTION, AND VENUE

4.      Baird is a citizen of Florida and is over the age of 18.

5.      Robinhood Markets, Inc. is a financial services holding company incorporated in Delaware, whose subsidiaries provide financial and investment services via an internet/cloud-based platform that is also available on mobile phones.

6.       Its subsidiary, Robinhood Financial LLC, is a Delaware corporation and full service securities firm engaged in the retail sale of securities and various other financial products.

7.      Its subsidiary, Robinhood Securities, LLC, is a Delaware corporation and full service securities firm engaged in the retail sale of securities and various other financial products.

8.      Collectively, Robinhood provides internet and mobile phone based securities sales and services to approximately 10 million customers and/or users.

9.      This Court has subject matter jurisdiction over this matter pursuant to 21 U.S.C. § 1332, because this putative class action consists of tens of thousands (or more) members, of whom at least one is a citizen of a state different from any Defendant, and the claims of the proposed class exceed $5,000,000.

10.    This Court has general personal jurisdiction over each Robinhood entity because each is registered with the Florida Division of Corporations to conduct business in this state, and each conducts business in this state with tens of thousands of Florida residents.

11.    Venue is appropriate in this district because Robinhood conducts business in this district, a substantial portion of the misconduct giving rise to the claim occurred in this district, and a substantial portion of the harm caused by Robinhood occurred in this district.

12.    Tallahassee is the appropriate division under Local Rule 3.1, because the conduct outlined above in Paragraph 11 also occurred in this division. Baird is a Leon County resident.

## **GENERAL FACTUAL ALLEGATIONS**

13.    Robinhood is a registered broker-dealer with the Security and Exchange Commission. It holds itself out to the public and its customers on the landing page of its website as a platform that enables "Investing for Everyone."[2]

14.    Robinhood goes on to describe it services—directly over the link to sign up as a new customer—as "Commission-free investing, plus the tools

---

[2] Robinhood, (Jan. 28, 2021), https://robinhood.com/us/en/.

you need to put your money in motion. Sign up and get your first stock for free. Certain limitations apply."[3]

15.    Robinhood's very first Tweet on March 23, 2016, was: [4]



16.    Robinhood also holds itself out to the public and its customers as a good place for beginner, unexperienced investors to start investing, and publishes its Investing 101 teaching tools to, for example, teach fledgling investors about investments, stocks, and the stock market.[5]   Robinhood generally markets itself to young, inexperienced investors as an alternative to commission-based, traditional brokers. It claims over 10 million users.

17.    Robinhood provides its online brokerage services to its customers via a web-based application, in which it facilitates customers' securities transactions.

---

[3] *Id.*
[4] Twitter, (Jan. 28, 2021),
https://twitter.com/RobinhoodApp/status/712708069369782272
[5] Robinhood, (Jan. 28, 2021), https://learn.robinhood.com/.

18.   Early this year, a collective of individual investors, organizing through websites like reddit.com, caused massive disruptions in markets, in particular driving up otherwise unexceptional stocks (e.g. GameStop and AMC) to unprecedented values.

19.    In response to the disruptions, on January 28, 2021, Robinhood halted the trading of several publicly traded stocks such as GameStop, AMC, Nokia, and Blackberry, making it impossible for its individual investors to buy or sell the affected securities.

20.   As a result of Robinhood's decision to restrict user trades, millions of its customers, including Baird, were unable to freely trade on the stock market. At the same time, institutional investors with whom Robinhood has beneficial relationships—but are not Robinhood customers—could continue to trade freely.

21.   This market manipulation created an unfair disadvantage for Baird and millions of other Robinhood investors like him to their detriment, for the benefit of institutional investors.

## Class Allegations

22.   Plaintiff brings this action pursuant to the Federal Class Action Fairness Act and Rule 23 of the Federal Rules of Civil Procedure on behalf of the following Class: any user of Robinhood within Florida that was unable

to trade on the market with their Robinhood account because of Robinhood's restrictions on January 28, 2021.

23.    Baird is a member of the Class he seeks to represent. He was a Robinhood account holder and used his Robinhood account to acquire, trade, and hold securities. On January 28, 2021, Baird was unable to engage in any trading activity on his positions due to Robinhood's halt.

24.    Additionally, or in the alternative, Baird brings claims this claim on behalf of all Robinhood customers within Florida who were not able to execute a trade of a restricted security after Robinhood purposefully removed the securities from its trading platform on January 28, 2021.

25.    Excluded from the Class are the Robinhood entities and their current employees, counsel for either party, as well as the Court and its personnel presiding over this action.

26.    **Numerosity**: The proposed Class is so numerous that joinder of all members is impracticable. Robinhood claims more than 10 million customers and/or users nationwide, tens of thousands of which are potential members of this proposed Class.

27.    **Typicality**: The claims alleged by Plaintiff are typical of the claims of the Class. All members of the proposed class were harmed by Robinhood's unfair and deceptive business practices.

28. **Adequacy**: Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests antagonistic or contrary to the Class, and has retained counsel experienced in complex class action litigation.

29. **Commonality**: The questions of law and fact common to the members of the Class predominate over any questions affecting only Plaintiff or other individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

30. Class members would not have an interest in pursuing separate individual actions against Robinhood, as the amounts of the individual claims are relatively small compared to the expense and burden of individual litigation. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Robinhood's practices.

31. Management of this lawsuit as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class members' claims in a single action.

## COUNT I – FDUTPA Violation

32. Plaintiff reincorporates and realleges paragraphs 1 through 21.

33.    Plaintiff is a consumer as defined in the FDUTPA. § 501.202(2), Fla. Stat.

34.    Robinhood is engaged in "trade or commerce" as defined in FDUTPA, by advertising, soliciting, providing, and offering trading services to the public. § 501.202(8), Fla. Stat.

35.    Section 501.204(a) provides: "Unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful." § 501.204, Fla. Stat.

36.    While the Florida Legislature has not defined what an "unfair and deceptive act" is, it has mandated that FDUTPA be liberally construed. § 501.204, Fla. Stat.

37.    FDUTPA seeks to protect legitimate consumers, like Baird and the Class members, from those who engage in unfair methods of competition, or unconscionable, deceptive, and/or unfair acts or practices in the conduct of any trade or commerce.

38.    Furthermore, FDUTPA provides that great weight shall be given to federal cases interpreting the federal counterpart to FDUPTA. § 501.204(2), Fla. Stat.   Federal courts have defined a deceptive trade practice to be any act or practice that has the tendency or capacity to deceive

consumers and an unfair practice to be any act that offends public policy and is in general, unethical, oppressive, unscrupulous, or substantially injurious to consumers.

39.     An unfair practice under the federal statute has been defined as one that "offends established public policy" and one that is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers." *Samuels v. King Motor Co of Fort Lauderdale*, 782 So.2d 489 (Fla. 4th DCA 2001) (*citing Spiegel, Inc. v. Fed. Trade Comm'n*, 540 F.2d 287, 293 (7th Cir. 1976)).

40.     Robinhood engaged in unfair trade practices and/or unfair methods of competition when it knowingly restricted and limited their users' ability to freely trade stocks at their fair market value for the purpose of protecting institutionalized banking companies and at the detriment to average individual investors, to whom it primarily markets.

41.     Robinhood's actions offend public policy and are immoral, unethical, oppressive, unscrupulous, and substantially injurious to Baird and the Class members, who believed that Robinhood would provide the advertised access to the market.

42.     As a result of such ongoing deceptive and unfair trade practices, Plaintiff and the Class members have suffered and continue to suffer

damages, including actual damages to their investment account held in Robinhood's business.

WHEREFORE, Baird requests this Court:

1. Certify the class pursuant to Federal Rule of Civil Procedure 23;

2. Designate Baird as Class Representative;

3. Designate undersigned counsel as Class Counsel;

4. Award Baird, and all others similarly situated, actual damages caused by Robinhood's FDUTPA violation;

5. Award Baird, and all others similarly situated, reasonable attorneys' fees pursuant to the Federal Class Action Fairness Act and FDUTPA;

6. Award Baird, and all others similarly situated, costs and interest; and

7. Award any other relief this Court deems just and proper.

Baird, on behalf of himself and all others similarly situated, requests a trial by jury.

Respectfully submitted this 29th day of January, 2021,

> **GRAY|ROBINSON, P.A.**
> 301 East Pine Street, Suite 1400
> Orlando, Florida 32801
> Telephone:  407/843-8880
> Facsimile:   407/244-5690
>
> By:   */s/ Jason Zimmerman*
> Jason Zimmerman
> Florida Bar No. 104392
> jason.zimmerman@gray-robinson.com

cindi.garner@gray-robinson.com
*Counsel for Plaintiff, Steven Baird*